EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., Appellant,

v.

SOUTHERN SAVINGS & BUILDING ASSOCIATION, Appellee.

Court of Appeals of Kentucky.

June 9, 1961.

Rehearing Denied Oct. 6, 1961.

James W. Stites, Louisville, for appellant.

Hardy & Logan, Marshall B. Hardy, Jr., Louisville, for appellee.

WILLIAMS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court wherein findings of fact were made substantially as follows: The appellee, Southern Savings & Building Association, purchased from appellant, the Employers Liability Assurance Corporation, Ltd., a "Savings and Loan Blanket Bond, Standard Form, No. 22," originally in the amount of $50,000, later increased to $100,000. The appellee was defrauded by Max Rosmarin, a builder, and his wife, Esther Rosmarin. Rosmarin would apply to the appellee for a loan on property described by a street number in a subdivision in which he owned numerous lots. Appellee's appraiser would go to the number listed, appraise the property and recommend a loan. Inquiry would be made of Rosmarin as to which lot in the subdivision was represented by the listed street address. Instead of giving the correct number, Rosmarin would give a lot number on which no house was built. Title to the false numbered lot would be examined and loan and mortgage executed. The mortgage would be valid but the property covered would have no house on it, and consequently was of value far below the appraisal. As a result the appellee suffered a substantial loss when Rosmarin was unable to repay the loans which he had fraudulently negotiated.

The Bond indemnifies the appellee from:

"5. Any loss of property through any other form of fraud or dishonesty by any person or persons, whether employees or not."

The Bond excepts from coverage:

"Section 1(c). Any loss the result of the complete or partial nonpayment of or default upon any loan made by or obtained from the Insured, whether procured in good faith or through trick, artifice, fraud or dishonesty * * *."

The Jefferson Circuit Court concluded that the fraud perpetrated on appellee by the Rosmarins resulted in a loss of property under Section 5 of the insuring clause of appellant's policy, before any loss was sustained, as described and provided against in Section 1(c) of the Exclusions. Judgment was entered allowing recovery of the amount sued on, subject to certain credits, and appeal has been taken to this Court.

Appellant argues that at the time the fraud was perpetrated on appellee there was no actual loss of property, and that the loss was not occasioned until the Rosmarins became insolvent and failed to pay the loan. It says that, regardless of the fraudulent action on the part of the Rosmarins, the loans which were made to them were valid and that appellee suffered no loss until actual default on the loan. This precise question was considered by

the United States Court of Appeals for the Eighth Circuit in February 1960. Community Federal Savings & Loan Association of Overland v. General Casualty Company of America, 8 Cir., 274 F.2d 620, 624. The two sections under consideration here are identical with the two sections considered in that case. That Court held that the loss fell within the Exclusion and allowed no recovery on the bond. There it was said:

"Plaintiff insists that its loss is not the result of a complete or partial nonpayment of or default in any loan made or obtained by it. Plaintiff argues that if the statements as to the completion of the buildings and the payment of lien claims had been true, no loss would have been suffered; hence, the fraud was the cause of the loss. The same type of claim could doubtless be made in almost any type of loan induced by fraud. It is undisputed that loans were made which remain unpaid in part. While the loan was induced by fraud, it seems clear that the immediate cause of the loss was the nonpayment of the loans. It is entirely clear from the exclusion provision as written that the exclusion extends to losses on loans induced by fraud."

We agree with the reasoning behind the conclusion reached by the Federal court in the above case.

The judgment is reversed.